| **Fill in this information to identify your case:** | | | |
|---|---|---|---|
| Debtor 1 | John | Douglas | Gibson, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Frieda | Louise | Gibson |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the District of South Carolina

Case Number
(if known)     _____

[ ] Check if this is a modified plan, and list below the sections of the plan that have been changed.

[ ] Pre-confirmation modification

[ ] Post-confirmation modification

District of South Carolina

# Chapter 13 Plan                                                                                    5/19

## Part 1:   Notices

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.**  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | [X] **Included** | [ ] **Not included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | [X] **Included** | [ ] **Not included** |
| 1.3 | **Nonstandard provisions, set out in Part 8** | [ ] **Included** | [X] **Not included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | [ ] **Included** | [X] **Not included** |

Debtor(s): <u>John Douglas Gibson, Jr. and Frieda Louise Gibson</u>             Case Number _____

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ <u>315.00</u> per month     for     <u>60</u>     months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

  [ ]     The debtor will make payments pursuant to a payroll deduction order.

  [X]     The debtor will make payments directly to the trustee.

  [ ]     Other (specify method of payment):_____.

**2.3 Income tax refunds.** *Check one.*

  [X]   The debtor will retain any income tax refunds received during the plan term.

  [ ]   The debtor will treat income tax refunds as follows: _____

**2.4 Additional payments.** *Check one.*

  [X]   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.** *Check all that apply.*

  [X]   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

  [ ]   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

  [X]   The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

Debtor(s): <u>John Douglas Gibson, Jr. and Frieda Louise Gibson</u>                              Case Number _____

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| One Main Financial | $7,144.00 | 2012 Scion xD<br><br>VIN: JTKKU4B40C1028490 | $6,600.00 | $0 | $6,600.00 | 6.25% | $135.00 (or more) |
| Kimbrell's Furniture | $2,324.00 | fridge, clothes dryer, lawnmower | $1,200.00 | $0 | $1,200.00 | 6.25% | $25.00 (or more) |
| Trophy Financial, Inc. | $1,728.00 | car shelter | $500.00 | $0 | $500.00 | 6.25% | $10.00 (or more) |

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.** *Check one.*

[X]  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.** *Check one.*

[ ]  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[X]  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Advance America / household goods | $576.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $576.00 (all) |
| Check 'n Go / household goods | $1,568.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $1,568.00 (all) |
| Check Into Cash of SC, Inc. / household goods | $633.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $633.00 (all) |

District of South Carolina                                                                                                                                              Page 3
Effective May 1, 2019

Debtor(s): <u>John Douglas Gibson, Jr. and Frieda Louise Gibson</u>           Case Number _____

| | | | | | | |
|---|---|---|---|---|---|---|
| Local Finance / household goods | $822.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $822.00 (all) |
| Local Finance / household goods | $816.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $816.00 (all) |
| Trophy Financial, Inc. / household goods | $1,728.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $1,728.00 (all) |
| World Finance Corp. / household goods | $816.00 | $0 | $8,400.00<br><br>S.C. Code Ann. § 15-41-30(A)(3) | $8,400.00 | $0 | $816.00 (all) |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Portfolio Recovery Associates, LLC<br><br>714 East Gibson Avenue Mc Coll, SC 29570 (Marlboro County tax map number 029-14-03-011 - debtors' residence) | $2,860.00 | $0 | $14,014.00<br><br>S.C. Code Ann. § 15-41-30(A)(1) | $14,014.00 | $0 | $2,860.00 (all) |

**3.5  Surrender of collateral.**  *Check one.*

[ ]  **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X]  The debtor elects to surrender the collateral that secures the claim of the creditor listed below.  The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| Southeast Toyota Finance and co-debtor and equitable owner (Chad A. Gibson), who will continue current payments uninterrupted outside of the plan | 2015 Scion tC<br><br>VIN: JTKJF5C76FJ010794 |

## Part 4:   Treatment of Fees and Priority Claims

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees**

District of South Carolina                                                                                                                Page 4
Effective May 1, 2019

Debtor(s): <u>John Douglas Gibson, Jr. and Frieda Louise Gibson</u>     Case Number _____

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

[ ]  **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to n/a (name of DSO recipient), at the rate of $<u>n/a</u> or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

[X]  **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced*.

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**  *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

[X]    The debtor estimates payments of less than 100% of claims.

[ ]    The debtor proposes payment of 100% of claims.

[ ]    The debtor proposes payment of 100% of claims plus interest at the rate of <u>n/a</u>%.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

[X]  **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

[X]  **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

Debtor(s): <u>John Douglas Gibson, Jr. and Frieda Louise Gibson</u>    Case Number _____

[ ] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

[X] **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule.  Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| <u>Progressive Leasing, LLC</u> | <u>installment contract for rotor tiller and air conditioner</u> | <u>$0</u> | <u>$310.00</u> | <u>$6.00</u><br>(or more) |

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

[X]  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

[ ]  **Other.**  The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

[X] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor must sign below.*

**X** <u>/s/ John Douglas Gibson, Jr.</u>           **X** <u>/s/ Frieda Louise Gibson</u>
Signature of Debtor 1                              Signature of Debtor 2
Executed on   <u>09/24/2019</u>                    Executed on   <u>09/24/2019</u>
              MM / DD / YYYY                                     MM /DD / YYYY


**X** <u>/s/ Mark K. Ingram_____</u>   <u>11501_____</u>    Date  <u>09/24/2019</u>
MARK K. INGRAM                                                          MM / DD / YYYY
Signature of Attorney for the Debtor(s)    DCID No.

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

John Douglas Gibson, Jr. and
Frieda Louise Gibson,

Debtor(s).

Address:  714 East Gibson Avenue
McColl, SC 29570

Last four digits of Social-Security or Individual Tax-Payer-Identification No(s).: 6466 / 9561

CASE NO.: _____
CHAPTER 13

**AFFIDAVIT OF SERVICE BY MAIL**

PERSONALLY appeared before me Mark K. Ingram, attorney for the above-referenced debtor(s), who, being duly sworn, deposes and says that he deposited the documents listed below in the United States Mail on the date shown below with sufficient postage thereon, return address shown, and addressed to the creditor shown below at the address shown below this 24th day of September, 2019.

DESCRIPTION OF DOCUMENTS MAILED:

Chapter 13 Plan

DATE OF MAILING:

September 24, 2019

NAME AND ADDRESS OF CREDITOR:

Advance America
207 W. Hwy 15-401 Bypass
Bennettsville SC 29512

AT&T c/o Bankruptcy
4331 Communications Dr., Floor 4W
Dallas TX 75211

Aurora Diagnostics
P. O. Box 602320
Charlotte NC 28260

Capital One Card Center
P.O. Box 71083
Charlotte NC 28272-1083

Chad A. Gibson
196 Oakmount Drive
Raeford NC 28376

Check 'n Go
1242 Bennettsville Square West
Bennettsville SC 29512

Check Into Cash of SC, Inc.
145 15-401 Bypass
Bennettsville SC 29512

Cooling & Winter LLC
P. O. Box 100150
Marietta GA 30061

Dish Network
P. O. Box 94063
Palatine IL 60094

Fayetteville VA Medical Center
2300 Ramsey St.
Fayetteville NC 28301

Fingerhut
7075 Flying Cloud Drive
Eden Prairie MN 55344

Kimbrell's Furniture
234 E. Laurel Hill Church Rd.
Laurinburg NC 28352

Local Finance
112 E. Main St.
Bennettsville SC 29512

Lowe's / Sentry Credit, Inc.
P. O. Box 12070
Everett WA 98206-2070

Marlboro County Treasurer
P.O. Box 505
Bennettsville SC 29512

One Main Financial
2101 Enterprise Dr., Suite A
Mullins SC 29574

PayPal Credit
P.O. Box 960006
Orlando FL 32896-0006

PMAB, LLC
5970 Fairview Rd., STE 212
Charlotte NC 28210

Portfolio Recovery Associates, LLC
Assignee of Synchrony Bank
220 N. Main Street, Suite 500
Greenville SC 29601

Progressive Leasing, LLC
256 W. Data Dr.
Draper UT 84020

S.C. Dept. of Employment and Workforce
Document Control - Bankruptcy
P.O. Box 995
Columbia SC 29202-0995

S.C. Dept. of Revenue and Taxation
P.O. Box 12265
Columbia SC 29211

Scotland Memorial Hospital
500 Lauchwood Dr.
Laurinburg NC 28352

Southeast Toyota Finance
P.O. Box 991817
Mobile AL 36691-8817

Trophy Financial, Inc.
452 S. Main St.
Laurinburg NC 28352

Verizon Wireless
500 Technology Dr., Ste. 500
Weldon Spring MO 63304

WalMart / SYNCB
P.O. Box 530927
Atlanta GA 30353-0927

Wells Fargo Bank
P. O. Box 10709
Raleigh NC 27605

World Finance Corp.
603 Broad St.
Bennettsville SC 29512

---

/s/ Mark K. Ingram
MARK K. INGRAM
DISTRICT COURT I.D. NUMBER 11501
Ingram Law Firm ▪ 217 Second Street
Cheraw, South Carolina 29520
(843) 537-6565 ▪ (843) 537-0770 (fax)
mark@cherawlaw.com
SOUTH CAROLINA BAR NUMBER 100650

SWORN TO before me this 24th

day of September, 2019.

/s/ Susan B. Robertson    (L.S.)
Notary Public for South Carolina
My commission expires: 06/19/23